IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 12-cv-00354-RPM

KEITH FRAZIER,

    Applicant,

v.

TOM CLEMENTS, Exec. Director, Colorado Dept. of Corrections,
MICHAEL MILLER, Warden, Crowley County Correctional Facility, and
JOHN W. SUTHERS, Attorney General, State of Colorado,

    Respondents.
_____

ORDER DISMISSING APPLICATION
_____

    A jury in Greeley, Colorado, convicted Keith Frazier of two counts of burglary and two counts of misdemeanor theft. The trial court imposed concurrent sentences of 17 years. The Colorado Court of Appeals affirmed. The Colorado Supreme Court denied certiorari on November 21, 2005.

    On March 22, 2006, Frazier filed a motion for sentence reconsideration under Colo.R.Crim.P. 35(b). The trial court denied the motion and Applicant did not appeal. Frazier, pro se, filed a motion for post-conviction relief under Colo.R.Crim.P. 35(c) on May 24, 2006. A different district judge appointed counsel who filed a supplemental motion. After an evidentiary hearing, the court denied the motion in a comprehensive opinion. The Colorado Court of Appeals affirmed on appeal, and the Colorado Supreme Court denied certiorari review on May 9, 2011.

    On February 9, 2012, Frazier filed this application for habeas corpus relief under 28 U.S.C. §2254. The applicant claims that the Colorado courts' decisions were contrary to

established constitutional law and were based on an unreasonable determination of facts in light pf the evidence presented, warranting relief in this court pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. §2254(d).

Frazier was initially charged with three burglaries and three misdemeanor thefts based on allegations that he broke into and stole from the residence of Ashley W. in Greeley on September 2, 2000, that he broke into and stole from the residence of Ashley C. in Greeley on August 12, 2000 and that he broke into and stole from the residence of his sex offender treatment counselor Kim Ruybal. [1]The common element in these charges was the theft of women's underwear from all three homes.  Frazier had been convicted of misdemeanor sex offenses and was on probation in a work release program supervised by Hugo Sanchez, an employee of the Weld County Sheriff.

Detective Meier was investigating the two Ashley burglaries and suspected Frazier.  On March 2, 2001, Meier called Sanchez to find out where Frazier stored his personal property. Sanchez had given permission to Frazier to go to a You-Stuff-It storage unit and gave that information to Meier.  The detective called back, informing that no one was renting a unit under Frazier's name and asked Sanchez to call Frazier back to the Sheriff's facility and find out where his storage was.  Sanchez called Frazier at his work and gave him a direct order to return to the work release facility under a threat of revocation of work release if he did not comply.  When Frazier returned, Sanchez questioned him about storage and Frazier said that he had stuff at his brother's house and gave Sanchez the address.  Sanchez gave that information to Meier who used it to obtain a search warrant for Tim Frazier's residence in Evans, Colorado.

The Applicant claimed a Miranda violation in a motion to suppress the evidence obtained

---

[1].  Those charges were dismissed on the prosecution's motion on the eve of trial because Ruybal's identification of underwear was disproved by DNA evidence.

in the execution of the search warrant and that his statement was coerced because of the threat of revocation of his work release. The trial court denied the motion finding that there was no custodial interrogation and that there was no Fifth Amendment violation. The Colorado Court of Appeals affirmed those rulings.

Upon review there is no constitutional error. The state courts applied the correct legal standard and the factual underpinning for the rulings has not been shown to be an unreasonable determination from the evidence presented.

Frazier also sought suppression of journals, videos and a sexual device as a seizure beyond the scope of what was authorized by the search warrant. That denial was not appealed. There was a motion to suppress an out-of-court identification claimed to be unduly suggestive which was denied. That too was not appealed.

Frazier was represented by a public defender who withdrew because of a conflict of interest. The court appointed Patrick Vance who then served as trial counsel through motions and trial. A public defender represented Frazier on appeal.

In this application, Frazier contends that his attorney failed to provide adequate representation and that his appellate attorney failed to appeal the adverse evidentiary rulings, depriving him of the protection of the Sixth Amendment, made applicable by the Fourteenth Amendment.   A different district court judge conducted an evidentiary hearing on the Rule 35(c) motion and reviewed the contents of the entire file, including transcripts of all of the motions hearings and the trial. In an order issued May 22, 2009, the court gave a full summary of the trial evidence, the motions hearings and the testimony of witnesses presented at the Rule 35(c) hearing. In the context of the claims of ineffective assistance of counsel, the district judge ruled

on the allegations of error that are the bases of this Application. This court finds no flaw in those rulings and adopts them as definitive in this case.

Frazier claims that Rule 14 of the Colorado rules is unconstitutional because it requires the defendant to prove prejudice for obtaining a severance of charges. In this case, Applicant asserts that he would have testified in response to one set of charges but not the other. The claim of unconstitutionality is denied and there is an insufficient showing that his purported testimony would have made a difference in the outcome.

This case is somewhat troubling because the convictions were based on circumstantial evidence which was far from overwhelming. The Applicant contends that this court should find that there was denial of due process but the state courts' findings of sufficiency of the evidence must be accepted.

There has been a dispute about exhaustion of claims and the applicability of Colo. App. R. 51.1, relieving a defendant from filing a petition for certiorari from the Colorado Supreme Court. It is not necessary to determine that question because the claims that are arguably not exhausted have now been resolved.

Upon the forgoing, it is

ORDERED, that the application is denied and this civil action is dismissed.

DATED: February 21st, 2013

                                BY THE COURT:

                                s/Richard P. Matsch
                                _____
                                Richard P. Matsch, Senior Judge